**OWEN M., Appellant,**

v.

**STATE of Alaska, OFFICE OF CHILDREN'S SERVICES,**
**Appellee.**

**No. S–11798.**

Supreme Court of Alaska.

Sept. 9, 2005.

---

Robert L. Breckberg, Assistant Public Advocate, Chad W. Holt, Assistant Public Advocate Section Supervising Attorney, Anchorage, for Appellant.

Michael G. Hotchkin, Assistant Attorney General, Anchorage, David W. Marquez, Attorney General, Juneau, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

Owen M. appeals from an order terminating his parental rights to his daughter Molly.[1] Owen contends that the superior court erred by approving an adoption plan for Molly without taking testimony. Because we conclude that Owen waived his argument that an evidentiary hearing was required and did not timely appeal the denial of placement with Molly's paternal grandparents, we affirm.

## II. FACTS AND PROCEEDINGS

The superior court terminated the parental rights of Owen and N.L. to their two-year-old daughter Molly as of October 8, 2004.[2] In the termination proceedings the parents argued that Molly should have been placed with her paternal grandparents in Texas.

Molly, who was born in September 2002, was placed in her current foster home in January 2003, fifteen days after she was taken into custody by the Office of Children's Services (OCS). That same month the parents asked OCS to seek placement of Molly with her paternal grandparents in Texas, and OCS pursued the necessary home study.

In early June 2003, before the home study was complete, the grandparents withdrew from the home study, apparently at the urging of Owen. In August 2003 the grandparents appeared to renew the request that Molly be placed with them. The court denied the request, refusing to renew the home study process for them. Neither Owen nor the grandparents appealed.

---

1. Pseudonyms or initials have been used for all family members to protect their identities.

2. N.L. does not appeal.

 

More than a year later during the termination proceedings on October 8, 2004, Owen again requested that Molly be placed with her grandparents. The court rejected his request and entered a permanency plan for Molly of adoption by her foster parents. Owen appeals.

## III. DISCUSSION

█ Owen argues that the superior court improperly "entered findings on permanency ... without any testimony, thus excluding all potential relative placements, including the paternal grandparents." We review Owen's argument for plain error because he did not ask the superior court for an evidentiary hearing on Molly's placement.[3] "Plain error exists 'where an obvious mistake has been made which creates a high likelihood that injustice has resulted.' "[4]

█ Owen cannot show plain error. The superior court did not make an obvious mistake in not holding an evidentiary hearing because neither the statute nor the CINA rule explicitly requires one.[5] Moreover, the likelihood of an unjust result is slim because the superior court could have properly reached the same result—approving Molly's adoptive placement with her foster parents—even if it had held an evidentiary hearing.

[4] Lastly, we observe that Owen's request for an evidentiary hearing is directed at getting Molly placed with her paternal grandparents. However, the superior court denied the family's requests to pursue placement with the grandparents in August 2003. Owen or the grandparents needed to timely appeal that placement denial.[6] Because they did not do so, we will not consider Owen's current challenge to the placement decision as it is untimely.[7]

## IV. CONCLUSION

We AFFIRM the termination of Owen's parental rights and the permanency plan for Molly.

3. See, e.g., D.J. v. P.C., 36 P.3d 663, 667–68 (Alaska 2001) ("Issues not raised in the trial court shall not be considered on appeal, except for plain error.").

4. Id. at 668 (quoting Sosa v. State, 4 P.3d 951, 953 (Alaska 2000)).

5. See AS 47.10.080(*l*); CINA Rule 17.2.

6. See S.S.M. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs., 3 P.3d 342, 345 (Alaska 2000) (holding order denying placement of child in need of aid with his sister was final, appealable order).

7. See Alaska R.App. P. 204(a)(1).